104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Dale HENDRICKSON, Defendant-Appellant.
 No. 95-1483.
 United States Court of Appeals, Second Circuit.
 Sept. 9, 1996.
 
 APPEARING FOR APPELLANT: Michael H. Sporn, New York, NY, for Defendant-Appellant.
 APPEARING FOR APPELLEE: Stanley J. Okula, Jr., Special Assistant United States Attorney, Brooklyn, NY
 Before NEWMAN, OAKES and PARKER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel for appellant and by counsel for appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Defendant appeals from a final judgment entered in the United States District Court for the Eastern District of New York, (Sterling Johnson, Jr. Judge ), sentencing him principally to a 293-month term of incarceration. Hendrickson was convicted in a jury trial of, inter alia, conspiracy to distribute in excess of one kilo of heroin in violation of 21 U.S.C. § 841(b)(1)(A)(i)(count 1).[1] On this appeal, defendant challenges only his sentence, not his conviction. Hendrickson raises two issues on appeal. First, he argues that the district court erred in finding that he was an organizer or leader of criminal activity involving five or more people, and giving him a four level upward adjustment for his leadership role. Second, he challenges the district court's determination that the object of the conspiracy of which he was convicted involved the distribution of between one and three kilos of heroin. For the reasons discussed below, we affirm the sentence imposed by the district court.
 
 
 4
 Assuming familiarity with our prior opinion in this case, United States v. Hendrickson, 26 F.3d 321 (2d Cir.1994), we offer a brief summary of the undisputed facts. Hendrickson was indicted after a nearly two year investigation by Customs and the United States Drug Enforcement Agency ("DEA"). The investigation began based on a tip from a confidential informant that Hendrickson was looking for a way to import large quantities of heroin from Nigeria. Hendrickson met another confidential informant, York, who posed as a corrupt pilot willing to fly heroin from Nigeria to New York. Hendrickson and York had several meetings, engaged in two small drug transactions, and attempted several additional, larger transactions. In addition, Hendrickson talked about a drug distribution network he ran in Bermuda. Ultimately, the scheme to import large quantities of heroin from Nigeria never materialized.
 
 
 5
 Based on the evidence presented at trial, the court determined that the object of the conspiracy was in excess of one kilogram of heroin. The court believed the base offense level for that amount was 30. After adding an eight point enhancement, four of which were due to defendant's leadership role, the court sentenced defendant to 293 months in jail.
 
 
 6
 First we consider defendant's contention that he should not have received a leadership enhancement. Because Hendrickson did not challenge the upward adjustment in his prior appeal, the argument is barred by the mandate rule. See United States v. Stanley, 54 F.3d 103 (2d Cir.), cert. denied, 116 S.Ct. 238 (1995).
 
 
 7
 Defendant further contends that the evidence did not support the court's finding that the object of the conspiracy was in excess of one kilo, and thus the court's finding was clearly erroneous. He maintains that he should have been sentenced based on the 77 grams of heroin actually sold to York, and that the court should not have considered negotiated, but uncompleted, transactions in calculating the base offense level.
 
 
 8
 Initially, we reject defendant's argument that the negotiated but uncompleted transaction analysis, which was developed in the prior opinion in this case, is not relevant. He maintains that he should be sentenced based only on the completed transactions, amounting to 77 grams of heroin. He relies on United States v. Podlog, 35 F.3d 699 (2d Cir.1994). However, in Podlog the defendant agreed to supply either 125 grams or 400 grams of heroin, and ended up supplying 125 grams. The court held that it was error for the district court to attribute the 400 grams to the defendant since the 125 gram transaction was completed.
 
 
 9
 This case is readily distinguishable from Podlog because in this case there was no either/or agreement. Defendant supplied York with 77 grams, but there were several uncompleted transactions between defendant and York at the time of defendant's arrest. The facts demonstrate that the parties had an ongoing relationship which involved a series of completed and uncompleted transactions rather than an either/or arrangement. The prior opinion in this case makes it clear that as long as the government proves that defendant and a co-conspirator had the intent and ability to produce a particular amount, defendant may be sentenced based on uncompleted transactions, and in such instances courts consider the weight under negotiation. See Hendrickson, 26 F.3d at 330-31.
 
 
 10
 During resentencing, the district court appropriately considered all of the transactions, both completed and uncompleted in its calculation of the object of the conspiracy. The court found that Hendrickson had agreed to supply in excess of one kilogram of heroin. Mistakenly, the court believed the base offense level for one to three kilos of heroin was 30. In fact, the 1991 Guidelines Manual, which was applicable to this sentencing, provides that the base offense level for one to three kilograms of heroin is 32, not 30. USSG § 2D1.1(c)(6)(1991). The government did not file a cross appeal to challenge this mistake, and thus no upward adjustment may be made.
 
 
 11
 Whether or not the evidence shows that Hendrickson was involved in a conspiracy to deal in excess of a kilogram of heroin, it fully supports a finding that he was involved in a conspiracy to distribute at least 700 to 1000 grams of heroin. Under the then governing Guidelines covering "[a]t least 700 G but less than 1 KG of Heroin," the base offense level was 30. U.S.S.G. § 2D1.1(c)(6)(1991). We therefor affirm the sentence because even if defendant were successful in this appeal, the base offense level would simply be a 30 rather than a 32, and his sentence would thus remain unchanged.
 
 
 12
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 Defendant was also charged, convicted and sentenced on five additional counts: distributing heroin in violation of 21 U.S.C. § 841 (counts 2 & 3); distributing heroin within one thousand feet of a school in violation of 21 U.S.C. § 845(a) (counts 4 & 5); and receipt of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (count 6). None of these counts are at issue on this appeal